[Civ. No. 2126. Third Appellate District.—April 19, 1920.]

F. C. DREW, Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

[1] EXECUTION—SUPPLEMENTAL PROCEEDINGS—IMMATERIAL ERROR IN TITLE—JURISDICTION—CONTEMPT.—Where the given name of the plaintiff is erroneously stated in the order of examination made in a proceeding supplemental to execution, but all the information concerning the action and judgment are fully and accurately given in the order and in the affidavit upon which such order is based, certified copies of which are served on the person to whom such order is directed, the error being such that no one could be deceived or misled thereby, such order of examination is not void and the trial court is not thereby deprived of jurisdiction to render a judgment in contempt for failure to obey the same.

[2] PLEADING — CORPORATE EXISTENCE — ADMISSION BY PLEADINGS — COLLATERAL ATTACK ON JUDGMENT.—The corporate existence of the defendant being established by the failure of the defendant to deny the allegation of that fact in plaintiff's verified complaint, the judgment entered thereon against the corporation is final and conclusive upon said matter and is not open to attack in a proceeding supplemental to execution.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of Mendocino County, and J. Q. White, Judge, adjudging petitioner guilty of contempt of court. Writ dismissed.

The facts are stated in the opinion of the court.

W. H. Metson and R. G. Hudson for Petitioner.

Robert Duncan for Respondents.

NICOL, P. J., *pro tem.*—This is a petition for a writ of review, by which the petitioner seeks to have an order of the superior court of Mendocino County, adjudging him guilty of contempt of court, annulled and set aside.

The material facts of the matter may be briefly stated as follows: On the twenty-eighth day of October, 1918, in an action then pending in the said superior court of Mendocino County, entitled Phil Lobree, Plaintiff *v.* L. E. White Lumber Company, a Corporation, and Goodyear Redwood Company, a Corporation, Defendants, judgment was rendered in favor of the plaintiff and against the defendants for the sum of $7,150, with interest and costs. On the fourth day of August, 1919, Robert Duncan, the attorney for the plaintiff in said action, filed and presented to the judge of said court his affidavit wherein he set forth the rendition of the said judgment; the issuance on November 30, 1918, of an execution against the property of the said judgment debtor, L. E. White Lumber Company, and that the execution was afterward returned wholly unsatisfied; that the said L. E. White Lumber Company had its principal place of business in the city and county of San Francisco; that said F. C. Drew was at the time of the commencement of said action and at all times since has been the president and general manager of the said L. E. White Lumber Company, and that he resides in and has his office in the said city and county

of San Francisco; that the said company owned property and had it in its possession or under its control, not exempt from execution, which it unjustly refuses to apply to the satisfaction of said judgment, and that said Drew, as president and general manager, had property of said company in his possession and under his control, which he unjustly refuses to apply to the satisfaction of said judgment; that the said company had books of account, which were in the possession and under the control of the said Drew, as president and manager thereof, showing the properties belonging to the said company, and also showing the receipts and disbursements of said corporation, and particularly showing the receipts of moneys from the sale of its properties to the Goodyear Redwood Company, and the amounts and disbursements thereof; that the said L. E. White Lumber Company claimed to have received from said Goodyear Redwood Company a large amount in cash, within two or three years, before the making of said affidavit; that the said company and its said president, F. C. Drew, claimed that the said company was solvent and able to pay all its debts, including the said judgment.

The said affidavit prayed for the appointment of a referee in the city and county of San Francisco, and that an order be made requiring said judgment debtor L. E. White Lumber Company by its president and general manager, F. C. Drew, and by its other officers and directors, to appear before the said referee, and to answer concerning the property of said company, and to produce before the referee its books showing the property and moneys belonging to the said corporation.

Upon the presentation of this affidavit the court on the fourth day of August, 1919, made its order appointing one Casper A. Ornbaum referee and ordered the said judgment debtor L. E. White Lumber Company, by its president and general manager, F. C. Drew, and said F. C. Drew, to appear before the said referee on the fourteenth day of August, 1919, at 2 o'clock P. M., and submit to examination and make discovery under oath concerning the property of the said company, and to bring before the referee the books of account of the said company.

This order of the court, together with the said affidavit of Robert Duncan, was duly served on F. C. Drew on the

ninth day of August, 1919, and he failed to appear for examination and no appearance was made for or on behalf of the said L. E. White Lumber Company. The petitioner, F. C. Drew, was thereafter adjudged guilty of contempt of court for failing to obey said order.

The petitioner claims that the superior court of Mendocino County was without jurisdiction to render its judgment in contempt against him, because: (1) The order made by the court for him to appear and submit to an examination was entitled in an action not pending in said superior court, in this, that the said order was entitled "Paul" Lobree *vs.* L. E. White Lumber Company, a Corporation, et al.; (2) because the judgment sought to be enforced in the supplement proceedings, in which petitioner was adjudged guilty of contempt, was null and void by reason of the fact that said judgment was made and entered in an action brought against L. E. White Lumber Company, which action was instituted after the said company had forfeited its charter by reason of its failure to pay its annual franchise tax, which forfeiture occurred on March 3, 1917.

[1] 1. The affidavit of Robert Duncan above referred to, and upon which the said order to appear for examination was based, was properly and correctly entitled, as follows, to wit: "Phil Lobree *vs.* L. E. White Lumber Company, et al." This affidavit gave the correct date of the judgment and the amount thereof, and also the date when the judgment was entered and docketed. It recited also the date of the issuance of the execution and the fact that the execution was returned wholly unsatisfied. The order of examination made on this affidavit, as before stated, was entitled "Paul Lobree, Plaintiff," instead of "Phil Lobree, Plaintiff." This error in the title of the cause did not in our opinion render the order void, and no one could be misled by reason thereof.

It is perfectly clear from the statements contained in said order that it was an order for examination made in the case of Phil Lobree *vs.* L. E. White Lumber Co., a Corporation, et al.; that such is the fact is plain from the following statements contained in the order: It refers to the said affidavit, giving the name of the affiant and stating that he was the attorney for the plaintiff, and further stated that it appeared by the said affidavit "and by the records on

file in said action that judgment was recovered therein against the defendant, L. E. White Lumber Company, a corporation, on the 28th day of October, A. D. 1918, for the sum of Seventy One Hundred Fifty ($7150) Dollars, with interest and costs, that said judgment was duly entered and docketed in the office of the Clerk of this Court on said date; that an execution against the property of said judgment debtor was on the 30th day of November, A. D. 1918, duly issued to the Sheriff of the City and County of San Francisco, State of California, the county where said judgment debtor and its president and general manager F. C. Drew had their and each of their principal places of business at the time of the issuance of said execution and ever since have had and still have,'' and also states that said execution was returned wholly unsatisfied.

It likewise appears from the affidavit of the petitioner filed in the superior court of Mendocino County, in answer to the order to show cause, why he should not be punished for contempt; that there was served upon him on the ninth day of August, 1919, a certified copy of said affidavit of Robert Duncan, and also of said order and ''that to said affidavit there was attached a certificate of Hale Prather, County Clerk and Ex-officio Clerk of the Superior Court of the County of Mendocino, certifying that he had compared the foregoing copy of an order and affidavit in the case of Phil Lobree, Plaintiff, vs. L. E. White Lumber Company, a Corporation, et al., Defendants, with the original records, as the same remained in his office, and that the same were correct transcripts thereof and of the whole of said original documents.''

There can be no question from the foregoing statements contained in the order that it was made in the case of Phil Lobree vs. L. E. White Lumber Company et al., and that the error in the title of the cause is wholly immaterial, as all the information concerning the action and judgment was fully and accurately given in the order and in the affidavit of Robert Duncan, certified copies of which were served on petitioner on the ninth day of August, 1919. The error was merely a clerical error and no one could be deceived or misled thereby. It was held in Ex parte Gordan, 95 Cal. 374, [30 Pac. 561], that an order that the husband pay a monthly allowance for the support of a minor child

designated as "Lina" or "Lena" Gordan, was not void as
being an order for the support of a different person from
"Leah" Gordan though the names are not the same, nor
are they *idem sonans*, when it appears that the child is
referred to throughout the proceedings as the sole issue of
the parties to the action, and is thereby identified.

2. The claim of the petitioner that the judgment is void,
because the action in which it was rendered was instituted
after the defendant L. E. White Lumber Company had
forfeited its charter, by reason of its failure to pay its fran-
chise tax for the year 1916, cannot be sustained. It appears
from the record that the action was commenced on the
twenty-fifth day of June, 1917. [2] The complaint was
verified and alleged, "that said defendant, L. E. White
Lumber Company, is now, and was at all the times in this
complaint mentioned, a corporation, duly organized and ex-
isting under and by virtue of the laws of the state of Cali-
fornia." This allegation of the complaint was admitted by
the answer of said corporation, in failing to deny the same,
and the court found that the said allegation of the complaint
was true. The corporate existence of said company being
thus established by the said admission of the pleadings, the
judgment entered thereon is final and conclusive upon said
matter and is not open to attack in this proceeding.

In the case of *Alaska Salmon Co.* v. *Standard Box Co.*,
158 Cal. 567, [112 Pac. 454], there was a special defense
in which it was alleged that the plaintiff was a corporation,
organized, existing, and doing business under and by virtue
of the laws of the state of California. That at all times
from its incorporation it has wholly failed to comply with
the provisions of the act imposing a license tax upon cor-
porations and had wholly failed to pay its license tax. No
evidence was introduced in support of this plea, and judg-
ment was entered in favor of plaintiff. The court said that
"the answer itself avers that the plaintiff is a corporation
and is engaged in business as a corporation. This is an ad-
mission of the plaintiff's corporate capacity to sue. . . . The
corporate existence and general capacity of plaintiff thus
being established by the admission of the pleadings it was
a matter of affirmative defense for the box company to have
shown the extraneous fact that plaintiff had failed to com-

ply with the corporation license tax law . . ."; and the judgment in favor of the plaintiff was sustained.

It follows that the petitioner was in contempt of court in failing to obey the order of August 4, 1919, directing him to appear before the referee for examination, and the court was in the exercise of its jurisdiction in holding him guilty of contempt. It is therefore ordered that the writ of review be, and the same is hereby, dismissed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1920.

All the Justices concurred.