[Civ. No. 4971. First Appellate District, Division Two.—September 22, 1924.]

## MYRA F. JACOBS, Respondent, v. MANUEL J. JACOBS, Appellant.

[1] DIVORCE — NONEXISTENCE OF GROUNDS FOR DIVORCE — ALIMONY — DECREE—JURISDICTION—TIME.—Jurisdiction to award alimony to a wife where it appears from the findings that grounds for divorce do not exist must be determined as of the time that it is exercised, and therefore an affidavit and facts that have arisen subsequent to the entry of the decree awarding alimony cannot be looked to or considered for the purpose of determining the jurisdiction of the court at the time the decree was entered.

[2] ID.—FAILURE TO ESTABLISH GROUNDS—AWARD OF ALIMONY TO UNOFFENDING WIFE—JURISDICTION—RECORD.—Where upon the face of a decree awarding alimony it does not appear that the parties were not living together at the time of its entry, or where, so far as it appears from the face of such decree, the parties may at the time of entry of said decree, have been separated through the fault of the husband, or without fault of either party but with the express desire and consent of the husband, it cannot be said that the court was without jurisdiction to award alimony to the unoffending wife, even though she was unable to establish grounds for divorce.

[3] ID.—ALIMONY—MODIFICATION OF DECREE—DISCRETION—EVIDENCE. Treating a motion by a husband as a motion to modify a de-

---

1. See 1 Cal. Jur. 1019; 1 R. C. L. 935.

cree awarding alimony to the unoffending wife who was unable to establish grounds for divorce, the trial court did not abuse its discretion in refusing to make the modification by striking the alimony provision therefrom where the trial court no doubt believed that an offer of reconciliation made by the husband had not been made in good faith and that the separation of the parties continued to be with the husband's consent.

[4] ID.—MINORS—SUPPORT—CUSTODY—JURISDICTION. — Under sections 136 and 138 of the Civil Code the custody of a minor child may be awarded to the wife and the father may be compelled to pay for its support, although a divorce is denied both parties.

[5] ID.—ORDER AWARDING CUSTODY — MODIFICATION — EVIDENCE—DISCRETION.—An order awarding the custody of a minor child to the wife and compelling the father to pay for its support is, under section 138 of the Civil Code, subject to modification or vacation upon a showing made therefor; and on this appeal from an order denying a motion by the husband to modify such order awarding the custody of said child, it cannot be said that the trial court abused its discretion in denying the motion when the only showing in behalf of the motion was the husband's affidavit and his documentary offer of reconciliation which the trial court believed was not made in good faith.

[6] ID.—RESISTANCE OF HUSBAND'S MOTION—AWARD OF COUNSEL FEES TO WIFE—JURISDICTION.—Counsel fees may be awarded to a wife to resist a motion by the husband to modify a decree awarding alimony and the custody of a minor child of the parties, even though the decree has become final prior to the time the motion is heard.

(1) 19 C. J., p. 330, sec. 768 (Anno.).   (2) 19 C. J., p. 244, sec. 567, p. 330, sec. 767 (Anno.).   (3) 19 C. J., p. 324, sec. 752 (Anno.). (4) 19 C. J., p. 356, sec. 815 (Anno.).   (5) 19 C. J., pp. 358, 359, sec. 819, p. 361, sec. 823.   (6) 19 C. J., p. 231, sec. 546 (Anno.).

APPEAL from orders of the Superior Court of the City and County of San Francisco denying motion to modify decree awarding alimony, and custody of minor child, and allowing counsel fees. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

4.  Right of court refusing divorce to award custody of children, notes, 5 Ann. Cas. 91; Ann. Cas. 1912B, 350. See, also, 9 Cal. Jur. 796; 9 R. C. L. 473.

5. See 9 Cal. Jur. 797; 9 R. C. L. 476.

Henry B. Lister and R. W. Gillogley for Appellant.

Mary R. Schwab for Respondent.

NOURSE, J.—Plaintiff commenced this action for divorce and for the custody of the minor child of the parties. The complaint alleged cruelty on the part of the husband. Defendant filed a cross-complaint alleging cruelty and desertion. An answer was filed to this cross-complaint denying all the allegations of cruelty and also denying desertion on the part of the wife and alleging that the separation, if constituting desertion, was caused by the cruelty of the husband. Trial was had upon these issues and the court found adversely to all the allegations of the complaint regarding the cruelty of the defendant; that all the allegations of the cross-complaint were untrue, and particularly that the plaintiff had not deserted the defendant and that she had not lived "separate and apart from defendant with intention to desert defendant." The court also found that the plaintiff was a proper person to have the custody of the minor child, a girl of about six years of age, and that the sum of $100 per month was necessary for the support of plaintiff and said minor child. The decree based upon these findings denied a divorce to either party, granted to the plaintiff the custody of said minor child and awarded to her the sum of $100 per month "as permanent alimony for support of plaintiff and said minor child." No appeal was taken from this decree, but more than six months after the entry of the decree the defendant moved to modify it by striking therefrom all provisions with reference to the payment of alimony for support of the plaintiff, as well as all provisions with reference to the custody of the minor child. Said motion was made upon the grounds that said portions of said judgment were in excess of the jurisdiction of the court and the motion was based upon an affidavit filed therewith in addition to the other records and papers on file in the action. In the affidavit it was alleged that since the entry of the judgment plaintiff had continued to live separate from her husband and had refused to talk with him or permit him to see the minor child on certain occasions. It was, and still is, the contention of the affiant as disclosed by the facts alleged

in this affidavit, that the plaintiff treated said decree as a divorce, *mensa et thoro*. The trial court denied the motion to modify the decree, and at the same time, upon motion of plaintiff, awarded to plaintiff the sum of $75 to enable her to engage counsel to resist said motion. The defendant has appealed from the order denying his motion to modify the decree and also from the order awarding plaintiff counsel fees for defending the motion. The appeal is taken under the provisions of section 953a of the Code of Civil Procedure.

I.    The first point urged by appellant is that the trial court was without jurisdiction to award alimony to the plaintiff where it appeared from the findings that grounds for divorce did not exist. Appellant rests entirely upon the decision of the supreme court in *Hagle* v. *Hagle,* 74 Cal. 608 [16 Pac. 518], where it is said section 136 of the Civil Code "does not authorize the allowance of support for the wife, and at the same time a release from her marital obligations." Respondent does not quarrel with the rule announced in the Hagle case, but insists that it is not applicable here because upon the face of the decree it does not appear that such was the intention of the trial court. It will be noted that the sole attack upon the decree, as disclosed by the notice of motion, was that the award of alimony was in excess of the jurisdiction of the court. [1] Jurisdiction must, of course, be determined as of the time that it is exercised. We cannot, therefore, look to the affidavit and consider facts that have arisen subsequent to the entry of the decree in order to determine the jurisdiction of the court at the time the decree was entered.

It is not altogether clear that under the provisions of section 136 conditions may not exist which would authorize a trial court to award alimony to a wife living apart from her husband, though grounds for divorce did not exist. In the Hagle case the court said (74 Cal. 608, 613 [16 Pac. 518, 520]) : "It may be that when the allowance was made to Mrs. Hagle in the former action she was living apart from her husband through no fault of his, but that he was willing—indeed anxious—that she should remain away. In that case he could not refuse to comply with the order made by the court, simply because of her absence from his house; but the indulgence of her husband in that regard for any

length of time would not relieve the wife from her marital obligations to live with him when required, unless his conduct was such as the statute declares to be a lawful excuse for absence from the dwelling place.''

In *Broad* v. *Broad,* 35 Cal. App. 646, 647 [170 Pac. 658, 659], the court in a case parallel to the case at bar said in discussion of sections 136 and 137 of the Civil Code: ''Under the language of these sections it appears that in a proceeding for divorce or maintenance the wife, if entitled to a divorce, may be awarded permanent alimony; and, on the other hand, even if a divorce be denied, still in the discretion of the trial court, if sound reason exist therefor, the husband may be compelled to provide for the support of his wife. Conditions may be such as not to entitle the wife to apply for a divorce, and yet the circumstances surrounding her marital life might be such as to render it obviously unjust to deny her all relief.''

In *Lisenbee* v. *Lisenbee,* 42 Cal. App. 567, 570 [183 Pac. 862], a similar decree was recognized in a decision sustaining the jurisdiction of the trial court to appoint a receiver to enforce it. Numerous cases could be cited where the general practice has been recognized, but where the question of jurisdiction was not raised.

[2] We have not been cited to any case in this state holding that the trial court is without jurisdiction to award alimony to an unoffending wife where she has been unable to establish grounds for divorce. The cases above cited indicate that even though divorce is denied because the wife is unable to establish grounds therefor she may, under certain circumstances where the parties are separated through no fault of hers, be awarded alimony for her support. It is not, however, necessary to determine a rule in this respect because upon the face of the decree here under attack it does not appear that the parties were not living together at the time of its entry. Furthermore, so far as it appears from the face of the decree the parties may have been separated through the fault of the husband as alleged in the answer to his cross-complaint, while, on the other hand, assuming, of course, that the parties were separated at the time of the entry of the decree, this may have been wholly without fault of either party but with the express desire and con-

sent of the husband. · In any event, it does not appear from the face of the decree that the court was without jurisdiction to enter the order.

[3] Assuming that the order is subject to modification, like one made under sections 137, 138, and 139 of the Civil Code, the appellant should have moved for modification for that portion of the order upon the grounds of the conditions which arose since the entry of the decree. From the arguments in the brief it would appear that the appellant had some such thought in mind when he served and filed his offer of reconciliation and alleged that the wife had refused to return to his home. But in this respect the application to modify the decree is addressed to the sound discretion of the trial court based upon a showing of the changed conditions. Upon the hearing of the motion the trial court had before it an affidavit alleging that an offer of reconciliation had been made and refused. This offer was then introduced in evidence and appears to have been carefully drawn with all legal formality for the purpose of establishing grounds for the motion rather than for effecting a reconciliation between the parties. Proof was made that it had been ''served'' upon the wife, and it was shown to have been indorsed by the husband's counsel before service. The appellant made no effort to substantiate the allegations of the affidavit and no showing was made that he was at any time ready and willing to resume marital relations or that he had made any effort to effect a reconciliation other than the service of this formal offer. Upon the hearing the wife testified that she had refused this offer because of the conduct of her husband subsequent to the entry of the decree, which she claimed to have been abusive and intolerable. No attempt was made by the husband to refute this testimony. The trial court no doubt believed that the offer had not been made in good faith and that the separation continued to be with the husband's consent. Therefore, treating the motion as one to modify the decree, we are unable to say from the record that the trial court abused its discretion in denying to make the modification.

[4] II. The motion to modify the portion of the order relating to the custody of the child was also based upon a claim of excess of jurisdiction only. The jurisdiction of the court

in this respect is expressly found in sections 136 and 138 of the Civil Code. The welfare of minor children being of paramount concern in cases of this kind, the court may, under the authority of section 136, as well as section 138, of the Civil Code, make such order for the custody, care, education, maintenance, and support of the minor child as may seem necessary or proper. (*Morrow* v. *Morrow,* 60 Cal. App. 688, 692 [214 Pac. 239]; *Ex parte Gordan,* 95 Cal. 374, 377 [30 Pac. 561].) In the latter case the supreme court said: "The power to compel the father to support his minor child does not depend wholly upon section 139 of the Civil Code. Whether he is with or without fault in the matters involved in the divorce suit, it is primarily his duty to support his minor children. (Civ. Code, secs. 196, 197.) The wife, by her fault, may forfeit her own claim to be supported by her husband, but she cannot forfeit the claims of their children."

There cannot, therefore, be any doubt as to the jurisdiction of the trial court to award the custody of the minor child to the wife and to compel the father to pay for its support. [5] Such an order is, under the express provision of section 138, subject to modification or vacation upon a showing made therefor, but even if we were to treat the motion in this case as one for the modification of that portion of the decree upon grounds other than the lack of jurisdiction to make it, we cannot say that the trial court abused its discretion in denying the motion when the only showing in behalf of the motion was the appellant's affidavit and his documentary offer of reconciliation.

[6] III. In the same notice the appellant has appealed from the order of the trial court awarding the respondent counsel fees for resisting the motion for the modification of the decree. The only argument in support of this portion of the appeal is that the decree had become final prior to the time the motion was heard and that there was, therefore, no divorce action pending. From this it is argued that the court was without power to award counsel fees to respondent under section 137 of the Civil Code. The precise point has been ruled on adversely to appellant in *Lamborn* v. *Lamborn,* 190 Cal. 794 [214 Pac. 862], where the supreme court held that because of the power to modify orders relating to alimony a divorce case was deemed to be pending after the

time for appeal had expired so that the court had jurisdiction to allow the wife counsel fees to resist a motion for modification of the alimony order and to prosecute an appeal from an order reducing her alimony.

The orders appealed from are affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 20, 1924.

All the Justices concurred.