[Civ. No. 6341. First Appellate District, Division Two.—June 2, 1928.]

EDITH CATHERINE SPECK, Respondent, v. DAVID BENJAMIN SPECK, Appellant.

Todd, Pawson & Watkins for Appellant.

Carl V. Hawkins for Respondent.

NOURSE, J.—Plaintiff sued the defendant for a divorce on grounds of extreme cruelty. The defendant answered and filed a cross-complaint charging similar grounds. The cause was tried before the court and resulted in an interlocutory decree in favor of the plaintiff and against the defendant. The latter has appealed upon a bill of exceptions.

The appellant has advanced three grounds for a reversal. First, that the evidence is insufficient to justify the finding of extreme cruelty. Second, that the decision is contrary to law in that it awards to the parties in equal shares certain real property which was acquired by the appellant as his separate estate, and third, that the trial court abused its discretion in allowing the respondent attorney's fees.

After a fair and impartial hearing of all the witnesses called by both parties the trial court found that the

acts complained of constituted extreme cruelty on the part of the appellant. Nothing would be gained by reciting here the evidence on that issue. It is sufficient to say that our examination of the record satisfies us that there is evidence which supports a finding of this character.

The sum of $200 was allowed the respondent for attorney's fees for the prosecution of the action pursuant to a motion made for that purpose prior to the trial. The appellant insists that the trial court abused its discretion in this respect because it was shown that the respondent had some $1,400 of her own separate estate. The allowance of attorney's fees in a case of this character is a matter which is left to the discretion of the trial court in view of the circumstances and necessities of the several parties (*Turner* v. *Turner*, 80 Cal. 141, 144 [22 Pac. 72]), and it is only in a case of an abuse of this discretion that the finding of the trial court can be disturbed on appeal. The mere fact that the wife has some funds of her own without showing that they were immediately available for the purpose does not satisfy us that error has been committed.

The undisputed evidence shows that the appellant purchased with his separate funds two pieces of property described in the complaint and referred to throughout the proceedings as the lots in the McDonald Home Tract and the lot in tract No. 6521 in Virginia City, Los Angeles County. In entering the interlocutory decree the trial court awarded the lots in the McDonald Home Tract to the appellant as his separate property but failed to make a similar award as to the lot in the Virginia City Tract. The interlocutory decree should therefore be modified to the extent that this lot in Virginia City be awarded to the appellant as his separate property but in all other respects it should be affirmed.

The interlocutory decree as modified herein is affirmed with costs to the respondent.

Koford, P. J., and Sturtevant, J., concurred.