*Smith, Warren, Stanley & Vitousek* for plaintiff.

*Huber, Kemp & Stainback* for defendant.

ELVIRA BORDEN MACARIO *v.* JOSEPH MACARIO.

No. 1834.

ARGUED OCTOBER 26, 1928.        DECIDED NOVEMBER 7, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

On the 13th day of December, 1927, Elvira Borden Macario, libelant, was granted a divorce from her hus-

band, Joseph Macario, libelee, upon the ground of extreme cruelty; and by consent a decree was entered awarding to Mrs. Macario the care, custody and control of their four minor children, together with an allowance of $50 per month for the children's support. Later libelant moved that the decree be amended by increasing said allowance to $120 per month on the ground that she had found herself unable to support her four children upon the amount theretofore allowed and that the libelee was in a situation to pay said required increase. Order to show cause thereupon issued and upon the hearing thereof testimony was introduced to the following effect: The cost of maintaining the four children is approximately $115 per month, exclusive of house rent. Of that amount the father pays $50 per month and the mother pays the balance, in addition to furnishing a home for herself and children. The father's salary amounts to $250 and the mother's to $150 per month. These salaries have remained substantially unchanged since the date of the decree. The mother owns two houses, one of which is occupied by herself, her four children and three other relatives, and the other of which she rents at $45 per month. $3650 is still owed on this property and is being paid by Mrs. Macario at the rate of $50 per month with interest on unpaid balances. In addition to this she pays taxes, water rates and other assessments. The only other property of the libelant at the time of the decree consisted of certain Mutual Building & Loan shares of stock which she has since sold for $800 or $900. She has found it necessary to use the entire proceeds of this sale to meet the demands above referred to, to pay her own household expenses and to support her children. Since the date of the decree taxes and water rates on libelant's property and the cost of living have increased. Because of the last named

increase greater expenditures for the support of the children have become necessary.

Taking into account the evidence so introduced and considering "the amount, if any, the mother should contribute toward the support and maintenance of her children by reason of the fact. that she has an income and property," the trial judge found that the amount then being contributed by the libelee was not sufficient for the actual support of the children and thereupon ordered a decree that the amount of allowance for their support payable by the libelee. be increased from $50 per month to $100 per month beginning the 15th day of June then next ensuing. It is from the order last above named that the libelee has appealed to this court.

The findings of fact of the trial judge are amply supported by the evidence. Upon an examination of the transcript we make the same finding. Referring to the decree of December 13, 1927, appellant submits that the same cannot be legally modified as above because, "(1) It was a 'consent decree' and could not be amended without the consent of the parties. (2) It was, by its own terms, not subject to modification, the order for the support and maintenance being fixed and definite and without any qualification such as, for instance, 'until the further order of this court' or similar language. (3) If it were such a decree that could be modified it would be only as circumstances change and new facts and conditions subsequently arise."

Counsel's three points above quoted will be considered together. Section 2980, R. L. 1925, provides as follows: "Upon annulling a marriage, or decreeing a divorce, the judge may make such further decree as he shall deem expedient, concerning the care, custody, education and maintenance of the minor children of the parties, and determine with which of the parents the

children or any of them shall remain; and the judge may from time to time afterwards, on the petition of either of the parties, revise and alter the decree concerning the children, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." The express reservation of power to modify a decree contained in the foregoing section gives the court continuing jurisdiction and obviates the necessity of the reservation of such jurisdiction in the earlier decree itself. To enable the court to retain jurisdiction it is therefore unnecessary for the earlier. decree to provide in effect that the same shall be operative "until further order of this court" as urged by counsel.

Quoting from *Moore* v. *Superior Court,* 255 Pac. (Cal.) 853: "In divorce actions the statute expressly provides that a decree for the custody and maintenance of minors may be modified or vacated at any time as may seem necessary or proper. * * * The propriety of modification in this particular, as well as the extent thereof, because of a change in the circumstances of the parties, rests largely in the discretion of the trial court. A decree need not reserve this right of modification. In such cases it is not final as a matter of law because it does not purport to be final and conclusive as a matter of fact. This reservation by reason of the statute constitutes the order an unfinished determination of the judicial mind; that is, the court has not completely disposed of the case. The power of the court not having been exhausted, it has the right and power to exercise such unexhausted portion of its power in such manner as changed conditions and circumstances of the case may require or indicate to be just."

Our statute (sec. 2980, *supra*) expressly authorizes on petition the modification of decrees in divorce pro-

ceedings concerning the care, custody, education and maintenance of the minor children of the parties and requires on the part of the trial judge, as an aid to his determination of what is expedient in the premises, the consideration of only two matters, namely: first, the circumstances of the parents, and, second, the benefit of the children. In the case at bar the necessary expenses of the children have increased but there has been no material change in the incomes of the parents. Notwithstanding this last named fact, the liability of the parents to support their children remains. The inadequacy of the present provision for their support is sufficient ground for a new examination of the facts and for such modified order of allowance to provide for present requirements as the judge "shall deem expedient." No further change in circumstances is required by our statute. Nor can the agreement of the parents nor the mere entry of a prior consent decree defeat the court's jurisdiction in the premises.

As was said in *Delle* v. *Delle*, 112 Wash. 512, quoted with approval in *MaGill* v. *MaGill*, 234 Pac. 273, 274: "The question here is the custody of the children. The parties could not, by contract, and the court could not, in an original decree, make a provision relating to the custody of the children which would be controlling upon a subsequent hearing where their custody was involved. So long as there are minor children whose maintenance and welfare are provided for in the original decree, there is a continuing jurisdiction in the court to modify that decree, having regard to their welfare." Citing *Dyer* v. *Dyer*, 65 Wash. 535, 118 Pac. 634; 19 C. J. 347.

Quoting from *Lewis* v. *Lewis*, 163 Pac. (Cal.) 42, 44: "The court which granted the divorce has full power to modify its decree by making such orders as may be just and proper in view of the conditions shown to exist at

the time application may be made to it. The agreement of the mother that she would not ask any allowance beyond that heretofore paid her cannot bar the right of the child to have an order for proper support. 'The statute conferred the authority, and its exercise could not be limited or abridged by the parties.' *Wilson* v. *Wilson,* 45 Cal. 399, 405. Any proper modification of the decree of divorce, in the interest of the child, might be ordered on the application of the mother herself, even though she had agreed that the father should not be required to contribute further. * * * But if the mother should fail to pursue the remedy, we do not doubt that the child's interest is such that the power to make adequate provision for it may be invoked by a proper representative of the child itself, or may be exercised by the court of its own motion." Citing *Ex parte Gordan,* 95 Cal. 374, 30 Pac. 561.

No abuse of discretion on the part of the trial judge in deciding what contribution he should "deem expedient" to the support of the children by the father in view of the circumstances hereinabove set forth has been claimed or proved.

For the reasons above set forth, the decree appealed from is affirmed.

*H. E. Stafford* (also on the brief) for libelant.

*O. P. Soares* (also on the briefs) for libelee.