[Civ. No. 8720. First Appellate District, Division Two.—November 3, 1932.]

JOSEPH GEORGE OTT, Appellant, v. MARIA OTT, Respondent.

Joseph C. Meyerstein for Appellant.

Boyd Oliver and Roy A. Sharff for Respondent.

STURTEVANT, J.—This is an appeal from an order making an allowance to the defendant wife in the sum of $300 to pay her attorney fees and costs in opposing an appeal taken in a divorce action, that is, the appeal in *Ott v. Ott*, (No. 8719) *ante*, p. 322 [15 Pac. (2d) 896], this day decided.  ▇  It is claimed that the remarriage of the defendant terminated plaintiff's duty to pay as alimony any money necessary to enable defendant to prosecute or defend such action.  (*Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868]; *Hite* v. *Hite*, 124 Cal. 389 [57 Pac. 227, 71 Am. St. Rep. 82, 45 L. R. A. 793].)  It will suffice to state that neither appeal is a proceeding " . . . to prosecute or defend such (divorce) action".  The defendant had asked for an order to modify the judgment regarding the custody of the children.  The welfare of the children was the sole subject of her motion.  In the divorce action a final decree had been entered and that action had become a closed book as to the plaintiff and the defendant, but the rights of the children had not been finally disposed of.  (Civ. Code, sec. 138; *Jacobs* v. *Jacobs*, 68 Cal. App. 725 [230 Pac. 209].)

▇  It is next contended that the property settlement agreement, sanctioned and approved by the trial court in the divorce action, released the plaintiff from such a claim as is here made.  It has been held that it did not release a wife's claim for counsel fees and costs when acting in her own behalf.  (*Steinmetz* v. *Steinmetz*, 67 Cal. App. 195 [227 Pac. 713].)  For more cogent reasons it did not have that effect in a proceeding in which the welfare of the children was alone involved.

▇  The plaintiff in the next place asserts that the defendant had sufficient funds with which to defray the expenses.  In this connection he calls to our attention the fact that at the time the motion appealed from was made the

plaintiff owed to the defendant $330, which he then and there offered to pay and in fact did pay after the order was made. Such facts should have been considered by the trial court, and no doubt they were. However, the mere receipt of those moneys not connected with other facts did not show an abuse of discretion by the trial court in making the order appealed from. (*Speck* v. *Speck*, 92 Cal. App. 365 [267 Pac. 1090].)

On the hearing of the motion the plaintiff offered in evidence the property settlement agreement, but upon an objection being made by the defendant the objection was sustained. The document is set forth in the record. Both parties have treated it as though it had been admitted in evidence. We have done the same. If there was error in the ruling excluding it, the error was not prejudicial.

We find no error in the record. The order is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1932.