[Civ. No. 2001. Fourth Appellate District.—July 21, 1937.]

AUGUSTA T. PARKER, Respondent, v. TRUMAN A. PARKER, Appellant.

Sloane & Steiner for Appellant.

H. C. Tallmadge for Respondent.

BARNARD, P. J.—The plaintiff secured a divorce from the defendant, the interlocutory decree being entered on July 11, 1927, and a final decree on July 14, 1928. By the terms of these decrees the defendant was required to pay to the plaintiff the sum of $100 per month until her death or remarriage. During the years 1933 to 1935, inclusive, the defendant paid some $2,000 less than the amounts thus required.

On July 29, 1936, the plaintiff applied for and secured an alternative writ of mandate from this court directing the Superior Court of San Diego County to cause judgment for the alleged deficiency to be entered in her favor, or to show cause on August 11, 1936. On August 4, 1936, she filed in the superior court notice of a motion for costs and attorney's fees in connection with the proceeding for a writ of mandate. This application was heard on August 10, 1936, and an order was entered directing the defendant to pay her the sum of $150 for this purpose. The defendant has appealed from that order.

It is first contended that the court was without jurisdiction to make this order since the divorce decree had become final and section 137 of the Civil Code permits such an allowance only during the pendency of an action for divorce. While the appellant concedes that allowances of this nature have been approved in a number of cases in this state it is argued that in all such cases the question has arisen before the final decree was entered, where the interests of minor children were involved or where the court still retained the power to alter the decree with reference to the amount allowed for the support of the former wife. It is argued that the court here had no such power to alter the decree in this respect since the amount named in the decree was based upon an agreement between the parties and, therefore, the appellant's duty to pay rests upon contract and not upon the decree. The record here fails to show that this decree rested upon a contract or, if so, what the terms of the contract were.

Under some circumstances the court may alter such a decree, regardless of an agreement between the parties. (*Johnson* v. *Johnson*, 104 Cal. App. 283 [285 Pac. 902], and cases there cited.)

The allowance of attorney's fees and costs after a divorce decree had become final has been approved in a number of cases in this state. In *Jacobs* v. *Jacobs*, 68 Cal. App. 725 [230 Pac. 209], and in *Ott* v. *Ott*, 127 Cal. App. 325 [15 Pac. (2d) 897], the rights of children were involved. In *Moore* v. *Gosbey*, 130 Cal. App. 70 [19 Pac. (2d) 995], the court approved an order requiring a former husband to pay to his former wife the sum of $100 as counsel fees for the purpose of resisting his motion to set aside an order for support, the amount of which had been fixed in accordance with an agreement between the parties.

In *Lamborn* v. *Lamborn*, 190 Cal. 794 [214 Pac. 862], in considering an allowance for attorney's fees and costs on an appeal from an order decreasing the amount of alimony, after the divorce decree had become final and both parties had moved for modification of the amount, the court said:

"It matters not whether we consider the allowance of costs and attorney's fees to the wife to enable her to appeal from the order modifying the decree as an additional allowance to her for her support as authorized by section 139 of the Civil Code, made after the final decree of divorce, or whether we consider that the divorce action is pending within the meaning of section 137 of the Civil Code, so long as the court retains power to modify the terms of the decree, or whether we regard it as an order deemed necessary for the enforcement of the final decree within the meaning of the provisions for such enforcement contained in section 137 of the Civil Code, above quoted. It is clear that the court has jurisdiction to award the former wife whatever costs and expenses are necessary for the prosecution of an appeal rendered necessary by the application of the husband for the modification of the decree.

"It is true that an ordinary action is deemed to be pending only until the appeal from the judgment is determined or until the time for an appeal has passed (sec. 1049, Code Civ. Proc.), but this general provision of the statute with reference to ordinary judgments is modified in the case of divorce actions by the provisions of the code authorizing the modification of an award for alimony at any time after the

final decree is entered. If there is any doubt about this proposition it is clear that where it is necessary for the wife to maintain a proceeding against her husband in order to secure proper maintenance that the costs of such a proceeding may be necessary for her support and justify an allowance to her for her support in the amount of her expenses so necessarily incurred. Whether we regard the allowance to the wife as money necessary for her support, the allowance of which is authorized by section 139 of the Civil Code, or as money paid to her as counsel fees and costs during the pendency of the divorce action, it is clear that the court is authorized to make such an allowance to the former wife.''

We see no difference in principle between a case where a former wife is compelled by her former husband to defend a proceeding brought by him to modify and reduce the amount allowed for her support and one where the former husband attempts to obtain the same result by arbitrarily reducing the amount himself without seeking the permission of the court. In either case the former wife may be obliged to defend herself and the principles laid down in the cases cited and in sections 137 and 139 of the Civil Code are controlling. The matter is within the sound discretion of the court, which is a sufficient protection against the danger suggested by the appellant, that a former wife might be inclined to initiate successive and unreasonable proceedings for the purpose of harassing her ex-husband.

The only other point raised is that there was no sufficient showing that an allowance for this purpose was necessary, it being argued that the respondent failed to show ''positive necessity'', and that she had secured the services of her attorney on a contingent fee basis. An affidavit to that effect, on information and belief, was filed by the appellant. The matter was heard on affidavits, the respondent's affidavit setting forth that she had become indebted in the sum of $700 or $800 through the failure of the appellant to keep up his payments, that she was unable to pay her attorney for his services and expenses in connection with the writ of mandate, that she was unable to borrow any funds with which to pay for such services and expenses, and alleging on information and belief that the appellant's income was $600 a month. The appellant's affidavit alleged that his income did not exceed $300 per month ''net on the average'', and that he was indebted in the sum of $750.

Whether or not the allowance in question was reasonably necessary within the meaning of the statutes was a matter within the discretion of the trial court and nothing appears in the record before us to take this case out of the usual rule. (*Speck* v. *Speck*, 92 Cal. App. 365 [267 Pac. 1090]; *Westphal* v. *Westphal*, 122 Cal. App. 379 [10 Pac. (2d) 119]; *Ott* v. *Ott*, 127 Cal. App. 325 [15 Pac. (2d) 897].)

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.