[Civ. No. 7287.   Third Dist.   Mar. 7, 1947.]

R. H. SHARPE, Appellant, v. ALICE WESLEY, Respondent.

Alfred E. Frazier for Appellant.

Curtiss E. Wetter and Rawlins Coffman for Respondent.

PEEK, J.—In August, 1942, appellant, the putative father of respondent's minor son, brought suit against her and her husband, to enforce compliance with the terms of a written agreement alleged to have been executed previously by appellant and respondent. The complaint alleged plaintiff's performance of the conditions imposed upon him by the terms of said agreement, including those pertaining to support and care, and charged defendants with refusing to permit him to enjoy his right of visitation and custody thereunder. To said complaint defendants filed an answer and "counterclaim," admitting the making of the agreement but asserting that plaintiff had failed to live up to his obligations thereunder, both as to support and care, that he was an unfit and improper person to have the custody of the child at any time, and concluded with a prayer that they be given exclusive custody of said minor and for such other relief as the court might deem proper. Thereupon appellant filed an "answer to defendants' answer and counterclaim," in which he denied the assertions made against him and reiterated his prayer for the relief asked in his complaint. Upon stipulation of the parties, a consent decree was entered, embodying in substance the provisions of said agreement. Thereafter, in September, 1944, an order was made modifying said decree so as to deny to appellant all right of visitation and custody. In September, 1945, appellant procured an order to show cause why the judgment should not be modified to grant to him permanent custody and control of said minor. Prior to the hearing thereon, and upon respondent's motion, a minute order was made requiring appellant to pay to respondent pendente lite attorney's fees in the sum of $150. In connection with appellant's motion to vacate such order it was stipulated that the same was made on the ground that it was in excess of the power of the court, that appellant was not in default of any of the payments for support of said child, and that the only issue before the court in the pending proceeding, i. e., the order

to show cause, related to a change in the custody of the child. The trial court denied appellant's motion to vacate the order allowing attorney's fees, and the appeal herein is solely from said order.

Although there is nothing in the transcript to so indicate, it appears from the briefs on file that said order of the trial court was predicated on Civil Code, section 196a, which reads as follows:

"The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, or by a guardian ad litem appointed upon the written application or with the consent of his mother; provided that such application or consent shall not be necessary if the mother is dead or incompetent, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

Appellant's argument in support of his contention that the trial court erred in making such order is that by virtue of the stipulation of counsel the only question presented in the pending proceeding relates solely to the custody of the child, and that, as no question of support is involved, said section is inapplicable for the reason that the provisions thereof are specifically restricted to the "support and education suitable to his circumstances" which a father or mother may be compelled to give such a child, and therefore the order of the trial court awarding attorney's fees to the mother was improper. By his closing brief appellant has added the further argument that respondent's resistance to his petition for modification of the order of custody is made solely for her own benefit in that she can offer nothing to the child but a home of poverty without a father, whereas he is able to give the child a home with good surroundings and the loving care of his present wife.

These contentions appear to be premised upon a supposed distinction between an obligation to "support" an illegitimate child and the right to its "custody." ▮ However, under section 196a and related sections of the Civil Code therein specifically mentioned (137, 137.5, 138, 139 and 140), the terms "custody," "support," "care," "education," "maintenance," and others of similar connotation, are not suscep-

tible of individual or separate legal treatment. (See *Harlan* v. *Harlan,* 154 Cal. 341, 349 [98 P. 32].) Section 138 of the Civil Code is illustrative of the close interrelationship between support and custody, and of the power of the court to make such orders concerning the rights and duties relating to them, or either of them, as may seem necessary and proper. Said section reads in part:

"The court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children . . . make such order for the *custody, care, education, maintenance* and *support* of such minor children as may seem necessary or proper, and may at any time modify or vacate the same." (Italics added.)

In other words according to the plain language of section 196a the court, in a suit to enforce the obligation of a father to support an illegitimate child, has the same power to enforce that obligation as it has to order the performance of a husband's obligation in a suit for divorce by a wife under the sections of the Civil Code enumerated in said section, including sections 137, 137.5 and 138. (*Carbone* v. *Superior Court,* 18 Cal.2d 768, 770-771 [117 P.2d 872, 136 A.L.R. 1260]; *Andrade* v. *Newhouse,* 54 Cal.App.2d 339, 345 [128 P.2d 927].) Since under the sections last mentioned the court has the power to require a husband to pay attorney's fees pendente lite in an action by the wife, even though the particular issue in the proceeding on account of which attorney's fees are sought relates principally to custody (*Ott* v. *Ott,* 127 Cal.App. 325, 326 [15 P.2d 897]; *Jacobs* v. *Jacobs,* 68 Cal.App. 725, 731 [230 P. 209], cert. den. 268 U.S. 696 [45 S.Ct. 514, 69 L.Ed. 1162]; 1 Cal.Jur., pp. 990, 991, § 44), it follows that by virtue of the specific inclusion of the enumerated sections this same power exists in a suit brought under section 196a of said code. (*Arais* v. *Kalensnikoff,* 10 Cal.2d 428, 434 [74 P.2d 1043, 115 A.L.R. 163].) The question of custody involves a right of the child as well as a right and duty of the parent (20 Cal.Jur., p. 416, § 14), and, contrary to appellant's argument in this regard, is a matter primarily for the benefit of the child and not the parent. (*Ott* v. *Ott, supra,* at page 326.)

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.