## LIGHT v. LIGHT.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

DIVORCE—CUSTODY OF CHILDREN—POWER TO AWARD—STATUTORY. PROVISIONS —DENIAL OF JUDGMENT OF SEPARATION OR DIVORCE.

Code Civ. Proc. § 1766, relating to actions for separation, provides that, where the action is brought by the wife, the court may, in the final judgment of separation in particular cases, compel the defendant to provide suitably for the education and maintenance of the children of the marriage, etc., and may render a judgment compelling defendant to make the provision specified, where proper, without rendering a judgment of separation. Section 1771 provides that, where an action is brought by either husband or wife for divorce or separation, the court must give such direction as justice requires for the custody, etc., of any of the children of the marriage. Plaintiff sued defendant for a separation for alleged cruelty. The answer was a general denial, and there was a countercharge of adultery, on which defendant claimed an absolute divorce. Each prayed for the custody of the child. The trial court found against the allegations of cruelty and adultery, but found that plaintiff had left the bed and board of defendant without cause or provocation, dismissed the complaint and counterclaim on their merits, and awarded defendant the custody of the child. Held, that under section 1771 the court was required to award the custody of the child, while the nature of the case was not such as to require it under section 1766, in the absence of a final judgment of separation, and the court could properly exercise its discretion as to whom the custody of the child should be awarded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 777.]

Appeal from Special Term, Kings County.

Action by Etta A. Light against George K. Light. From a judgment awarding the custody of a child to defendant, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William Adams Robinson, for appellant.
D. Theodore Kelly, for respondent.

GAYNOR, J. The plaintiff sued her husband for a separation for alleged cruelty. The answer is a general denial, and then for a defense and counterclaim it alleges adultery against the plaintiff and prays for an absolute divorce. Each party prayed for the custody of the child. The learned trial judge made findings against the allegations of cruelty and adultery, and further found that the plaintiff had left the bed and board of the defendant "without cause or provocation." The conclusion of law was that the complaint and the counterclaim

be dismissed on the merits, and that the defendant should have the care and custody of the child.

The decision in Davis v. Davis, 75 N. Y. 221, that where a wife is defeated in an action by her for separation the judgment cannot give her the custody of the children and make provision for their maintenance by the husband, has no application here to the husband. It is true that he was also defeated in his counterclaim of a divorce for adultery; but in the wife's action the court had to award the custody of the child (Code Civ. Proc. § 1771), and properly awarded it to the husband (Waring v. Waring, 100 N. Y. 570, 3 N. E. 289; People ex rel. Sternberger v. Sternberger, 12 App. Div. 398, 42 N. Y. Supp. 423). Section 1766 only relates to a case where a judgment of separation is given, while section 1771 relates to the final judgment in a separation case, whatever it may be.

The judgment should be affirmed. All concur.