ROBINSON v. ROBINSON.

(Supreme Court, Appellate Division, Second Department.    October 6, 1911.)

DIVORCE (§§ 238, 294*)—SEPARATION—DENIAL OF RELIEF—CUSTODY OF CHILDREN—SUPPORT.

　　Code Civ. Proc. § 1762, provides that an action may be maintained by a husband or wife against the other for a separation for cruel and inhuman treatment, etc., and section 1766 declares that, in an action for separation brought by the wife, the court may render a judgment compelling the husband to make a provision for the wife and children without rendering a judgment of separation. Section 1765 provides that the defendant may set up in justification the misconduct of plaintiff, and, if that defense is established, the defendant is entitled to judgment. *Held* that, where a separation applied for by a wife as major relief was denied because of her misconduct pleaded by the husband, it was error to render a judgment against the husband for support and maintenance of the child in plaintiff's custody, and also to require payment of alimony to her.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 661, 777; Dec. Dig. §§ 238, 294.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Edith Y. Robinson against George L. Robinson. From a judgment for plaintiff (69 Misc. Rep. 438, 125 N. Y. Supp. 1064) for part of the relief demanded, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Philo P. Safford, for appellant.

George Gordon Battle (Roger B. Wood, on the brief), for respondent.

HIRSCHBERG, J. The action is brought for a separation upon the ground of cruel and inhuman treatment of the plaintiff by the defendant. The learned trial court found as facts that the defendant was guilty of the cruel and inhuman treatment charged against him, but also found that the plaintiff's conduct was such as to provoke and irritate her husband to the extent of constituting a complete defense to the accusations against him. The conclusion reached by the court was that the provocation was sufficient to justify the court in refusing her a decree, but the court refused to dismiss the complaint, and provided by a judgment for the support and maintenance of the child of the marriage in the custody of the plaintiff, and for the payment of alimony to her. While the appeal in terms excludes so much of the decree as finds as a fact "that the plaintiff has acted towards the defendant as to give him provocation for his treatment of her, and to justify the court in refusing her a decree," it must be regarded in the circumstances as an appeal from the entire decree.

The learned counsel for the respondent seeks to support the decree by the provisions of section 1766 of the Code of Civil Procedure, to the effect that in an action for a separation, brought by the wife, the court may render a judgment compelling the defendant to make provision for the plaintiff and the children, without rendering a judgment of separation. I do not think the section in question justifies the decree. The section was adopted from the Revised Statutes, and it was held by the Court of Appeals in Davis v. Davis, 75 N. Y. 221, 226, that, where the principal relief sought by the plaintiff is denied, no power exists to give judgment awarding the custody of the children of the marriage to the plaintiff, and to make provision for their maintenance out of his property. The court said:

"The fifty-fourth section [2 Rev. St. pt. 2, c. 8, tit. 1] authorizes the court, upon decreeing a separation, to make such further decree as the nature and circumstances of the case may require, and for the support and maintenance of the wife and children by the husband. This section is inconsistent with an intention to confer upon the court, in all cases, whether a right to separation is or is not established, or a decree for separation is or is not obtained, the power to award to the complainant support and maintenance and the custody of the children, with provision for their support by the father. The fifty-third section authorizes the defendant, in a suit for separation, to prove, in his justification, the ill conduct of the complainant, and declares that, on establishing such defense to the satisfaction of the court, the bill shall be dismissed. This section is also inconsistent with the construction claimed for the fifty-fifth section, that, although the court may find the recriminatory charges sustained, it may nevertheless retain the bill and grant relief to the complainant, by giving her the custody of the children and mak-

ing provision for her and their support by the husband. * * * It would be an anomaly in legal proceedings to allow a complainant, who had failed to establish a claim to the principal relief sought, to have a decree against the defendant for the mere incidents to that relief."

In the case cited the court also held that a mere change in the phraseology or in the arrangement or division of the sections of an antecedent law, incorporated in the Revised Statutes, will not be construed as a change in the law, unless the alteration is such as evidently purports a legislative intent to work such a change. By a parity of reasoning, it must be held that a mere adoption of the provisions of the Revised Statutes in the Code of Civil Procedure should not, in the absence of any evident intent to change the purport and scope of such provisions, be construed to effect such change.

The appeal is taken under section 998 of the Code; the evidence not being returned. In the circumstances we do not feel justified in directing judgment for the defendant, but will reverse the decree and the judgment incidentally reviewed, and direct a new trial.

Judgment reversed, without costs, and new trial granted.

JENKS, P. J., and WOODWARD and RICH, JJ., concur.

BURR, J. I concur. I think, in the language of Judge Andrews in Davis v. Davis, supra, the language of section 1766 of the Code of Civil Procedure may be construed to apply to "cases where the wife, although entitled to a decree of separation, should choose to waive her right thereto, insisting only on a provision for the maintenance of herself and her children." See Erkenbrach v. Erkenbrach, 96 N. Y. 456, on page 462. In this case the wife has not shown herself entitled to a decree for separation.