### EDWARDS v. EDWARDS.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

HUSBAND AND WIFE (§ 300*)—SEPARATION—DISMISSAL OF ACTION—SUPPORT.

The Appellate Division, affirming a judgment dismissing an action by a wife for separation, because her cruel treatment justified the husband in leaving his home, has no power to make provision in the judgment to compel him to support her, but the usual remedy must be resorted to.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1098; Dec. Dig. § 300.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Anna L. Edwards against Charles M. Edwards. From so much of a judgment as dismisses the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

G. D. B. Hasbrouck, of New York City, for appellant.

Frank Parker Ufford, of New York City (Philip Carpenter, of New York City, on the brief), for respondent.

PER CURIAM. It has been found that defendant, in March, 1908, left his home, wife, and family, and took up his residence elsewhere, with the intention of not returning, but that it was not abandonment of her or her children. That conclusion must be predicated upon the finding of such cruel and inhuman treatment on her part as justified his departure. It may not be inferred, from the affirmance of the judgment, that the defendant is relieved from his duty to make due provision for the support of his wife. Under the decision in Robinson v. Robinson, 146 App. Div. 533, 131 N. Y. Supp. 260, it is not within the power of this court to make provision in the judgment constraining the defendant to furnish such support; but there is the usual remedy, should he not be moved to fulfill this duty. He did this amply before the action was begun, and even that did not interrupt a just regard for the welfare of his children. It may be inferred that he will not pursue other course in the future.

The judgment should be affirmed, without costs.