[Crim. No. 498.	Second Appellate District.—September 12, 1916.]

## In the Matter of the Application of JOHN E. SAUL, for a Writ of Habeas Corpus.*

DIVORCE—DENIAL OF RELIEF—AWARD OF CUSTODY OF CHILDREN—POWER OF COURT.—In an action for divorce, the court has power under section 138 of the Civil Code to make an order affecting the custody of the children of the marriage, although the divorce is denied.

ID.—CONSTRUCTION OF SECTION 138, CIVIL CODE.—Section 138 of the Civil Code itself does not state any limitation of its effect to cases in which divorce is denied, and if such limitation be imposed upon the language of the statute it must be a limitation by construction, but such section is designed for the protection of children and should be liberally construed.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Davis & Rush, John S. Cooper, and Wm. A. Gaines, for Petitioner.

Harry A. Chamberlain, for Respondent.

CONREY, P. J.—*Habeas corpus.* The petitioner is held in custody by the sheriff of Los Angeles County under an order made by the superior court of that county, wherein petitioner was adjudged guilty of contempt in that he willfully violated certain orders of that court. The return filed herein by the sheriff sets forth a commitment entered in a certain action wherein John E. Saul was plaintiff and Emma Saul defendant. The commitment is in the form of an order signed by a judge of the superior court which, after reciting that the plaintiff John E. Saul was then before the

*On September 28, 1916, a petition of John E. Saul for a writ of *habeas corpus,* similar to the one here considered, was denied by the supreme court. On January 17, 1917, the petitioner was discharged, upon another writ, by the district court of appeal of the second appellate district, upon proof that he had endeavored to bring back the child, Dinah Saul, to California, and was no longer able to comply with the court's order as to that matter.

court in person and with counsel in response to an attachment and arrest for the alleged contempt, continues as follows:

"And it appearing to the satisfaction of the court after a full hearing had, that heretofore, to-wit, on the 25th day of March, 1908, a judgment was duly given and made and thereafter duly entered herein in Book 168, page 184, of Judgments, Records of the County of Los Angeles, State of California, and notice thereof was duly given to the plaintiff herein, John E. Saul, wherein and whereby it was ordered, adjudged and decreed as follows, to-wit:

" 'That the care and custody of the minor children of plaintiff and defendant be and the same hereby is awarded as follows, to-wit: the care and custody of Eddie Saul and of John Saul to the plaintiff herein; the care and custody of George Saul, Dinah Saul and Walter Saul to the defendant herein.'

"And it further appearing to the court that subsequent to the entry and rendition of said judgment and heretofore, to-wit: on the 18th day of February, 1916, and while the said George Saul and Dinah Saul were in the care and custody of the defendant herein, Emma Saul, pursuant to the terms of said judgment hereinabove referred to, said plaintiff herein, John E. Saul, did by stratagem and fraud and willfully and unlawfully and contrary to the provisions of said judgment, take the said George Saul and Dinah Saul from the custody and care of the defendant herein, Emma Saul, without her knowledge or consent and against her will and took said George Saul and Dinah Saul without the jurisdiction of this court.

"And it further appearing to the satisfaction of the court that said plaintiff, John E. Saul, now has the custody and care of Dinah Saul contrary and in disobedience to the judgment of this court hereinabove referred to.

"And it further appearing to the satisfaction of the court that the said plaintiff, John E. Saul, has refused and still refuses to return and deliver the care and custody of the said Dinah Saul to the defendant herein, Emma Saul, in accordance with and pursuant to the terms of said judgment herein referred to and made a part hereof; and that the said failure to deliver the care and custody of said Dinah Saul consists in the omission to perform an act which is yet in the power of the said plaintiff, John E. Saul, to perform:

"Now, therefore, it is hereby ordered, adjudged and decreed that the plaintiff herein, John E. Saul, is guilty of a contempt of this court and that he be imprisoned in the county jail of the county of Los Angeles, state of California, until he shall have delivered the custody and care of Dinah Saul to the care and custody of Emma Saul, defendant herein.

"You are, therefore, commanded forthwith to convey the said John E. Saul to the jail of the county of Los Angeles, and there commit him until he shall have delivered the custody and care of Dinah Saul to Emma Saul, or be discharged according to law."

In the petition for the writ of *habeas corpus* it is stated that the action of John E. Saul against Emma Saul was tried upon a complaint of the plaintiff and cross-complaint of the defendant and the answers thereto, each of said parties seeking a divorce upon grounds stated in their several pleadings. Copies of those pleadings, and of the findings and judgment, are made part of the petition in this proceeding. It appears therefrom that the court found each party guilty of the misconduct alleged in the complaint and cross-complaint respectively, and for that reason entered its decree denying a divorce. Thereupon, and as a part of the same decree, the court proceeded to award the care and custody of their minor children, some of them to the plaintiff and some of them to the defendant, in the terms quoted in the foregoing order of contempt. That decree was entered in March, 1908, and the minors George and Dinah Saul remained in the custody of their mother, Emma Saul, until they were taken from her by John E. Saul in February, 1916.

The allegations in the petition showing that the action of *Saul* v. *Saul* was for a divorce, and that the petition for divorce was refused, are not denied in the return filed herein; therefore those allegations must be taken as true. (*Ex parte Smith*, 143 Cal. 368, 370, [77 Pac. 180]; *In re Hoffman*, 155 Cal. 114, 119, [132 Am. St. Rep. 75, 99 Pac. 517]; *In re Collins*, 151 Cal. 340, 342, [129 Am. St. Rep. 122, 90 Pac. 827, 91 Pac. 397].) Or if formal proof thereof be necessary, it undoubtedly could readily be supplied in this case. Counsel for respondent in effect admits the facts as stated, but merely relies upon the point that we are limited to an examination of the return. Holding, as we do, that the facts alleged in

the petition, showing denial of a divorce in the principal action, are subject to proof herein, we shall, in view of the statements of counsel, consider them as admitted. This will bring us to the petitioner's main proposition, which is, that where in an action for divorce the judgment denies a divorce, the court is without power, then or thereafter in that action, to make an order affecting the custody of children.

Sections 136 and 138 of the Civil Code are found in article IV of the chapter concerning divorce, which article contains sundry general provisions relating to divorce actions. Section 136, under the heading "Maintenance by husband where judgment is denied," reads as follows: "Though judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance by the husband, of the wife and children of the marriage, or any of them." Section 138, under the heading "Custody and maintenance of minors during actions for divorce," reads as follows: "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same." Section 214 of the Civil Code occurs in the title on "Parent and Child" and in the chapter entitled "Children by Birth." Section 214 says: "When a husband and wife live in a state of separation, without being divorced, any court of competent jurisdiction, upon application of either, if an inhabitant of this state, may inquire into the custody of any unmarried minor child of the marriage, and may award the custody of such child to either, for such time and under such regulations as the case may require. The decision of the court must be guided by the rules prescribed in section two hundred and forty-six." Section 246 declares the considerations by which the court is to be guided in awarding the custody of a minor. Where the custody of children is to be awarded, whether in a divorce action or in a separate proceeding under section 214, the superior court is the court having jurisdiction of those matters. It thus appears that there are two classes of actions or proceedings wherein superior courts have jurisdiction to determine the custody of a child at the instance of one or both of its parents. In addition to this, it may be

observed that where children are brought before a court in *habeas corpus* proceedings involving adverse claims of right to their custody, the court is not obliged to recognize either parent as entitled to the custody as of right, but may take into consideration such facts as are necessary to enable the court to determine what are the best interests of the children.

The petitioner does not deny the existence of these powers and judicial processes as provided by law. His contention is that the power of the court with respect to the custody of children in a divorce action is wholly derived from the statutes, and that by the terms of the code sections to which we have referred the right to award custody of children in a divorce action is strictly limited as an incidental power to be exercised only when a divorce is granted. On the other side it is contended that the jurisdiction exercised by the superior court in divorce cases is a part of its general chancery jurisdiction which includes the care of children as wards of the court; that since the parents of these children came before the court as a court of equity demanding relief on behalf of their children, and since they might have done that same thing by filing petitions for that purpose without asking for a divorce, no good reason appears why the court, though it denies the divorce, should turn the parties entirely out of court in order that they might come back into the same court to demand separately the same relief as was sought in this action so far as the children are concerned. Such was the opinion of the supreme court of Arkansas, in *Horton* v. *Horton*, 75 Ark. 22, [5 Ann. Cas. 91, 86 S. W. 824]. In that case, as here, no separation of the family was brought about by the court's order. The court merely recognized and found the facts as they existed, and then made an order for the well-being of the children.

The decisions upon this subject are conflicting. In some states it has been held that where the divorce is denied custody of the children may be awarded. (*Horton* v. *Horton*, 75 Ark. 22, [5 Ann. Cas. 91, 86 S. W. 824]; *Hoskins* v. *Hoskins*, 28 Ky. Law Rep. 435, [89 S. W. 478]; *Knoll* v. *Knoll*, 114 La. 703, [38 South. 523].) Decisions cited to the contrary effect are: *Redding* v. *Redding* (N. J.), 85 Atl. 712, 716; *Thomas* v. *Thomas*, 250 Ill. 354, [Ann. Cas. 1912B, 344, 35 L. R. A. (N. S.) 1158, 95 N. E. 345]. See, also, *Davis* v. *Davis*, 75 N. Y. 221, 226, *Robinson* v. *Robinson*, 146 App. Div. 533,

[131 N. Y. Supp. 260], and *Light* v. *Light,* 124 App. Div. 567, [108 N. Y. Supp. 931]. In *Thomas* v. *Thomas,* 250 Ill. 354, [Ann. Cas. 1912B, 344, 35 L. R. A. (N. S.) 1158, 95 N. E. 345], there is a well-reasoned dissenting opinion by Carter, J., closing as follows: ''The parties being before a court of equity, what more proper time can there be to adjudicate the rights of the parents to the custody of the children? (2 Nelson on Divorce and Separation, p. 979.) The court having acquired jurisdiction of the subject matter and the parties to the suit at the instance and by the prayer of the plaintiff in error, I cannot reach any other conclusion than that, on the plainest principles of equity, she should be precluded from questioning the jurisdiction of the court which she herself invoked.''

Section 138 of the Civil Code, quoted above, recognizes the power of the court in an action for divorce to make orders concerning the custody of the children of the marriage, either during the pendency of the action, or at the final hearing, or at any time thereafter during the minority of the children. If the court at the final hearing in making its decree granting or refusing a divorce is silent with respect to the custody of children, and fails to make any provision for this custody and care, it would seem that this is a complete and final determination of that case. But if the court, in view of the facts found by it, deems that the welfare of the children requires that some order for the custody and maintenance of the children be made and makes that order as a part of its decree, or in specific terms retains the case for the purposes of such custody and maintenance, we find no sufficient reason for holding that such action by the court is beyond its powers as declared in section 138. The section itself does not state any limitation of its effect to cases in which divorce is denied. If such limitation be imposed upon the language of the statute it must be a limitation by construction. But it has been held that the section is designed for the protection of children and should be liberally construed. (*Harlan* v. *Harlan,* 154 Cal. 341, 350, [98 Pac. 32].) It seems to us that this rule of liberal construction may fairly be applied to the question here presented.

The petition herein, and the sheriff's return, show that the petitioner is also detained in custody by virtue of another commitment for a second contempt of the authority of the

superior court, in a matter arising out of the same divorce action of *Saul* v. *Saul.* In view of our decision upon the matters herein discussed, it is not necessary to make a further statement, which would involve the same questions and lead to the same result.

The writ is discharged, and petitioner is remanded to the custody of the sheriff.

James, J., and Shaw, J., concurred.