# MEMORANDA

*OPINIONS NOT OTHERWISE REPORTED.*

ANNA LESSER, Plaintiff, *v.* LOUIS N. LESSER, Defendant.*

(Supreme Court, Kings Special Term, December, 1918.)

*Husband and wife — action for separation — dismissal of complaint on merits — judgment may not be amended so as to provide for education and maintenance of children — Code Civ. Pro. § 1771 — remedy is under Domestic Relations Law, § 70.*

MOTION to amend judgment.

Aaron W. Levy, for plaintiff.

Robert H. Elder, for defendant.

LAZANSKY, J. After the trial of this action resulting in the dismissal of the wife's complaint by which she sought a judgment of separation, I declined to provide for the custody and maintenance of the children. *Robinson* v. *Robinson,* 146 App. Div. 533. Judgment dismissing the complaint on the merits having been entered, a motion is now made to amend the judgment by inserting a provision requiring the defendant to provide for the education and maintenance of the children. The learned Appellate Division in the case cited followed the rule laid down in *Davis* v. *Davis,* 75 N. Y. 221, that the provisions of section 1766 of the Code of Civil Procedure do not empower the court to award incidental relief to a plaintiff where her claim to principal relief failed because " where the principal relief sought by the plaintiff is denied no power exists to give judgment awarding the custody

---

* Reported by request.— [REPR.

of the children of the marriage to the plaintiff and to make provision for their maintenance out of her husband's property." The court held that section 1766 only applies where a judgment of separation is granted. On this basis there could be no power after judgment to insert provisions for custody and maintenance of the children unless there be statutory warrant therefor. It is insisted that section 1771 gives that power. The only authority cited in support of the proposition is *Light* v. *Light,* 124 App. Div. 567. In that case the wife's complaint in an action for cruel and inhuman treatment was dismissed and the custody of the children was awarded to the husband. In that case the court said: " but in the wife's action the court had to award the custody of the child (Code Civ. Pro. § 1771), and properly awarded it to the husband (citing cases)." The court then said: " Section 1766 only relates to a case where a judgment of separation is given, while section 1771 relates to the final judgment in a separation case, whatever it may be." The last sentence is seized upon by the plaintiff who claims that this being a separation suit, " whatever it may be," and although she was unsuccessful and no provision was made for the custody of the children, the court has power under the provisions of section 1771 to amend the judgment by inserting such directions concerning the children as justice requires. It seems to me that within its very broad statement, that section 1771 relates to a separation case, whatever it may be, the court meant to include only those cases where, regardless of the result of the litigation as to the principal relief, an award of the custody of the children is made to the successful party.

Of course, all that was necessary to be decided in the case was, that where the wife's complaint is dismissed, the court may under section 1771 award the **custody of the children to the husband. If for no**

other reason than a practical one, I would, indeed, be glad to accede to a strong inclination to construe the language in *Light* v. *Light, supra,* to its fullest extent and grant the motion made herein. But legislative mandate, even if not practical and though dubiously conveyed, but plainly construed by the courts, is superior to and overrides that inclination. In matrimonial actions the courts' inherent authority over the custody and control of children has no place. *Davis* v. *Davis, supra.* Section 1771 of the Code of Civil Procedure is derived from 2 Revised Statutes, section 59, which provides: " In any divorce suit brought by a married woman for a divorce, or for a separation from her husband, the court in which the same shall be pending, may, during the pendency of the cause, or at its final hearing, or afterwards, as occasion may require, make such order as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may at any time thereafter, annul, vary or modify such order."

The Court of Appeals has held in *Davis* v. *Davis, supra,* that this section only applies when a decree shall be granted. It seems to me that, as far as the question in hand is concerned, section 59 of the Revised Statutes is practically the same as section 1771 of the Code of Civil Procedure. *Salomon* v. *Salomon,* 101 App. Div. 588; *White* v. *White,* 154 id. 250.

I am, therefore, of the opinion that section 1771 of the Code of Civil Procedure does not give the court the power to grant this motion. If my conclusion is correct, there should be legislation which would empower the court in every matrimonial action, regardless of the disposition of the principal question, to make provision for the custody, education and support of the children of the marriage. If the parties are honestly before the court to have their domestic difficulties adjudicated it would be for the best interests of all and avoid other proceedings to

have the whole matter as it affected them and their children adjudicated.

It would not be necessary, as it will be here, for a plaintiff to have recourse to the proceedings provided for by section 70 of the Domestic Relations Law.

Motion denied.