ELLEN C. WHITE *vs.* CHARLES P. WHITE.

MARCH 24, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for a writ of *certiorari* to the superior court to send and certify to this court the records relating to its proceedings and decision in divorce No. 40647, entitled *Ellen C. White* v. *Charles P. White,* to the end that so much of said records as may be illegal may be quashed. We issued the writ, and in compliance therewith the superior court duly certified and sent up such records.

From those records it appears that, on May 21, 1943, Ellen C. White filed a petition for divorce in which she alleged that her husband Charles P. White had been guilty of extreme cruelty and of gross misbehavior repugnant to the marriage covenant, and she included in her petition a prayer for the custody of their minor child and an allowance for its support. It further appears that, on November 22, 1943, this petition was heard on its merits and was denied and dismissed, but custody of the child was awarded to Ellen C. White, together with an allowance of $10 per week for the child's support. On November 24, 1943, a written decision to this effect was formally entered as of November 22, 1943.

Charles P. White, petitioner here, and so referred to hereinafter, thereupon, on November 24, 1943, applied to this court for *certiorari.* He contended here that such portion of the superior court's decision, as awarded custody of the child and an allowance for its support, should be quashed as illegal and void, because the superior court was without jurisdiction to make such award after it had denied and dismissed the petition for divorce. In support of this conten-

tion, he argued further that the granting of the prayer for custody and allowance, which was an integral part of the petition for divorce, was necessarily dependent upon the granting of that petition. And he contended that the denial and dismissal of the petition therefore exhausted the superior court's statutory jurisdiction in divorce which had been invoked by such petition.

Ellen C. White took direct issue with the above contentions and argued that the superior court clearly had jurisdiction, irrespective of the divorce proceedings, by virtue of its general equity powers over minor children as well as by virtue of the provisions of general laws 1938, chapter 416, §14 and chapter 496, §6. But antecedent to such contention she argued that we should not undertake to review, by *certiorari,* the superior court's decision, because there is available to the petitioner another and adequate remedy by which that court's assumption of jurisdiction to award custody of the child and an allowance for its support may be reviewed, namely, by bill of exceptions. And, in that connection, she has called our attention to the record which shows that on November 24, 1943, petitioner, respondent below, has already filed, in the superior court, his notice of intention to prosecute such a bill of exceptions.

We shall consider first the last above-mentioned contention. Under our judicial system this court has exclusive jurisdiction to grant the writ of *certiorari.* Apart from statute, whether or not the writ shall issue is not a matter of right but rests in the discretion of the court. The primary office of the writ is to review the action of an inferior court or tribunal taken without jurisdiction or in excess of the jurisdiction given to it. *Cohen* v. *Superior Court,* 39 R. I. 272. Such review is not an exercise of the revisory and appellate jurisdiction of this court but of our supervisory jurisdiction over inferior courts and tribunals to keep them within the jurisdiction conferred upon them.

Originally the scope of the writ was restricted to this purpose, but later, by virtue of article XII, sec. 1 of amend-

ments to our state constitution, the provisions of G. L. 1938, chap. 495, §2, and by a series of decisions of this court construing those constitutional and statutory grants of power, the writ has been employed in the exercise of our revisory and appellate jurisdiction to correct errors committed by inferior courts and tribunals in the exercise of their jurisdiction. *Hyde* v. *Superior Court,* 28 R. I. 204; *Atlantic Mills* v. *Superior Court,* 32 R. I. 285; *Cohen* v. *Superior Court, supra; Colitz* v. *Gilbert,* 53 R. I. 319; *Rose* v. *Standard Oil Co.,* 56 R. I. 272; *State* v. *Sisson,* 58 R. I. 200; *Brickle* v. *Quinn,* 63 R. I. 120; *In re Estate of Lucy Wortham James,* 64 R. I. 153.

But in those instances recourse to the writ was allowed either on the ground that there was no other adequate remedy by which the alleged error could be corrected, or on the ground that the furtherance of justice required it in order to avoid great injury or unusual hardship. In thus issuing the writ the court has usually relied upon the plenary power of "final revisory and appellate jurisdiction upon all questions of law and equity" conferred upon it by art. XII of amendments to our state constitution.

A review of a few of the cases involving the use of *certiorari* by this court will illustrate what has been said above. In *Parker* v. *Superior Court,* 40 R. I. 214, 218, this court held that the superior court did not have the power to do what it had done; but it refused to quash the superior court's record, because the defect was merely technical. Actually, because the formal or technical error complained of had caused no substantial injury to the petitioner, the court refused, in its discretion, to exercise its supervisory jurisdiction over the superior court. On the other hand, in *Cohen* v. *Superior Court, supra,* the writ was dismissed because the petitioner did not show that he came within either of the exceptions to the general rule that *certiorari* "ordinarily does not lie to correct error in the exercise of jurisdiction."

Again in *Bishop* v. *Superior Court,* 50 R. I. 13, both the revisory and appellate and also the supervisory jurisdictions of this court were involved. Petitioner in that case contended that the superior court had no jurisdiction. This court decided that point against the petitioner and then, because the petitioner had a remedy by appeal for any error committed by that court in the exercise of its jurisdiction, it refused to review the superior court's alleged error. In other words, this court, in that case, exercised its supervisory jurisdiction in *certiorari,* but refused by such writ to exercise its revisory and appellate jurisdiction.

Now in *Chew* v. *Superior Court,* 43 R. I. 194, we have a situation different from either the *Parker* or the *Bishop* case, in this respect, that the question of the superior court's jurisdiction was expressly raised by motion before that court and decided adversely to the petitioner. This court pointed out that petitioner's contention that the superior court's ruling on his motion was erroneous, raised a question of error committed by the superior court in the exercise of its jurisdiction, as every court of general jurisdiction has power to pass upon its own jurisdiction.

*Certiorari,* therefore, does not lie in any case unless the petitioner can satisfy this court either that there is involved a question of jurisdiction of the inferior court or tribunal, which is raised originally by his petition, or that he has no other adequate remedy, or that review by *certiorari* is necessary to avoid great injury or unusual hardship which would result from the delay involved in pursuing such other adequate remedy. Finally, the court has always adhered to the rule that the issuance of the writ in any event is discretionary.

The case before us is, in our opinion, one in which *certiorari* is appropriate, either because it brings here originally the question of the superior court's jurisdiction to make a final order of custody, or because the order is, in effect, merely *pendente lite,* to which no exception properly lies and therefore petitioner is without an adequate remedy to bring

here for appellate review the question of jurisdiction. On this view *General Motors* v. *The Shepard Co.,* 47 R. I. 153, 155 and *Dunn Worsted Mills* v. *Allendale Mills,* 33 R. I. 115, which respondent cites in support of her position that petitioner has an adequate remedy by bill of exceptions, are not in point.

The ordinary office of an exception is to bring before an appellate court an error committed by an inferior court in the exercise of its jurisdiction. Whether it also brings up a question of jurisdiction which has not been specifically ruled upon by the court below we need not consider at this time, because we are of the opinion that in any event such review would be, in the circumstances of the instant case, of doubtful value, if not actually inadequate. Since petitioner acted as promptly as he could in raising the question of jurisdiction, it would seem to be a hardship to him to throw him back to the doubtful recourse of bringing this question here on his exception.

We think the exercise of a sound discretion in the matter warrants us in granting him a review by *certiorari* now. And in this connection we think there is persuasive force in what was said in *Walker* v. *Walker,* 32 R. I. 28, 32, concerning the time for considering in the superior court a motion to dismiss a petition for divorce for want of jurisdiction. "Such a motion must be entertained at the earliest possible moment, because it is of vital importance to ascertain whether the court has power to proceed further in the matter. It needs no citation of authority to convince even the most sceptical that a question lying so close to the root of the matter must be determined forthwith." And finally, it appears that the situation confronting us here is not unlike that in *Way* v. *Superior Court,* 42 R. I. 444. There the petitioner objected, for reasons which appear in the opinion in that case, to an assignment of a case for trial and, when his objection was overruled, excepted to the superior court's ruling. Thereafter he petitioned this court for *certiorari,* contending that the superior court, in the circumstances,

was without jurisdiction to assign the case for trial as it then stood. This court granted the writ and quashed the action of the superior court on the ground that there was nothing before that court at the time it acted.

We are of the opinion that, after denying and dismissing the petition for divorce in the instant case, the superior court had nothing before it to adjudicate. In considering that petition the superior court was, in accordance with the statutes conferring upon it jurisdiction in divorce—G. L. 1938, chap. 496, §§6, 25, chap. 416, §14—sitting as a court of domestic relations. As such, its jurisdiction was limited by the provisions of those statutes. The fact that G. L. 1938, chap. 528, §1, expressly prescribes that petitions for divorce "shall follow the course of equity so far as the same is applicable" does not enlarge that jurisdiction. Unless the power, which the court, as a court of domestic relations, seeks to exercise over the subject-matter before it, can be found in the statute, it is without such power.

The power conferred by chap. 416, §14, is confined solely to divorce proceedings. That section expressly states that the superior court may regulate the custody and support of children "of all persons by it divorced or petitioning for a divorce."

We construe chap. 496, §6, at least so far as the following portion of it is concerned, namely, "The superior court shall, except as otherwise provided by law, have exclusive original jurisdiction . . . of petitions for divorce, separate maintenance, alimony, and custody of children", as solely confined to divorce proceedings in which the matters of separate maintenance, alimony and the custody of children may and often do become by necessity subjects for the consideration of the court pending the petition for divorce, and also at its conclusion, if the petition for divorce is granted. That such is the construction intended by the legislature seems to be borne out by the following language of §25 of the same chapter: "The presiding justice of the superior court shall from time to time designate one or

more of the justices of said court to hear and determine all petitions for divorce from the bond of marriage and from bed and board, all motions for allowance, alimony, support and custody of children and other matters affecting the parties and their children wherein jurisdiction is acquired by the filing of such petitions for divorce."

This court has held that the dismissal of a petition for divorce strikes down and vacates all interlocutory orders and proceedings which are ancillary to the main case. *Ash* v. *Ash,* 50 R. I. 6. The reason for this decision is that any such order has no standing by itself but is dependent upon the petition. When the petition is dismissed, naturally everything dependent upon it goes with it. In the *Ash* case it was sought to continue, after the dismissal of the petition for divorce, an injunction enjoining respondent from annoying petitioner, entering her house, or interfering with her occupation thereof, until further order of the court. This court rejected the argument that the injunction proceeding was separate from the petition and that it continued until expressly otherwise ordered by the court. Notwithstanding that this proceeding was given a separate number by the clerk of the superior court differing from that of the petition for divorce, the court held it an integral part of the divorce proceedings and that the injunction did not continue "beyond the time when the *jurisdiction* of the court over the main case ceased." (italics ours) In other words, that case is clearly authority for the principle that the jurisdiction of the superior court ceases when the petition for divorce is denied and dismissed. Of course, if a bill of exceptions is prosecuted, such jurisdiction continues *ex necessitate,* for the purpose of enabling the superior court to make such interlocutory orders as may be necessary pending final disposition of such exceptions.

In the instant case the attempted action of the superior court appears to have been not interlocutory but final. It attempted to regulate the custody of the child by taking it from the father where it then was and placing it with the

mother who had prayed for such custody in her petition for divorce. Since its jurisdiction in divorce ceased upon the denial and dismissal of the petition, the jurisdiction of the court to entertain the prayer for custody, which was dependent upon such petition, necessarily ceased at the same time. We find nothing in our statutes nor in the decisions of this court which tends to support a contrary view. We recognize the fact that the courts outside this state are divided on this question, but we think the better view is that, where divorce is purely statutory and the jurisdiction to exercise the power is deemed a special and limited jurisdiction, as in this state, the denial and dismissal of the petition for divorce exhaust such jurisdiction.

Under this view there is no room for respondent's contention that the decision of the superior court may be rested on its general equity jurisdiction. Assuming, without deciding, that the superior court has power to regulate the custody of children irrespective of its statutory jurisdiction in divorce, it does not follow that it could exercise such power in divorce proceedings when sitting as a court of special and limited jurisdiction.

When this court has exercised the power of the state, as *parens patriae*, to regulate the custody of a minor child outside of divorce proceedings, it has done so only by *habeas corpus*. See *Hope, Petitioner*, 19 R. I. 486; *Vetterlein, Petitioner*, 14 R. I. 378; *McKim* v. *McKim*, 12 R. I. 462. Those cases are not precedents for the action of the superior court in the instant case, although they may be when the superior court is exercising a like jurisdiction in a proceeding under its own writ of *habeas corpus*.

The relief prayed for in the petition for *certiorari* is granted, and that part of the decision of the superior court awarding Ellen C. White custody of the minor child and an allowance of $10 a week for the child's support is quashed. The records certified here by the superior court are returned

to that court with our order, as above set forth, indorsed thereon.

FLYNN, C. J., dissents.

*James H. Kiernan, Sidney L. Rabinowitz,* for petitioner.
*Kirshenbaum & Kirshenbaum,* for respondent.