JEWETT, Appellant, v. JEWETT, Respondent

(50 N. W.2d 793)

(File No. 9235. Opinion filed December 31, 1951)

228

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Fuller,** Sioux Falls, for Respondent.

SICKEL, J. This action was brought by Loye S. Jewett, as plaintiff, against David G. Jewett, her husband, as defendant, for divorce. She asked for the custody of their two

children aged six and two, and for support. Defendant answered denying plaintiff's alleged cause of action and asking for custody of the children. The circuit court denied the plaintiff a divorce and granted the custody of the children to defendant. Plaintiff appealed.

The parties were married in Sioux Falls on November 5, 1944, during a period when defendant was home from military service in the South Pacific on emergency furlough. They lived together until the commencement of this action. The plaintiff's alleged cause of action is based on mental cruelty. Defendant's case consists of denial or justification for the conduct of which the plaintiff complains. The facts which she relies upon to support her cause are summarized in her proposed finding of fact number eight, which reads as follows: "That Defendant has inflicted grievous mental suffering upon Plaintiff prior to the commencement of this action. That Defendant has treated the Plaintiff with contempt, has refused to talk and converse with Plaintiff in a decent manner, has been morose and sullen, has insulted and offended mutual friends of the parties, and has falsely insinuated that the Plaintiff was guilty of infidelity. That the Defendant took a vacation trip to Flordia in late February, 1950, and failed to offer to take Plaintiff with him on said trip. That Defendant has refused to cooperate with Plaintiff in the supervision of the minor children".

The circuit court refused to adopt the above finding and decided specifically that the appellant is a woman of highly nervous temperament; that she indulged in a continuous course of faultfinding, nagging and arguing; that she is subject to attacks of temper and rage during which she abused respondent in a coarse, rude and opprobrious manner, often in the presence of the children; that she advised respondent that she had lost all affection for him and attempted to oust him from the home. She demanded that respondent permit her to obtain a divorce. The circuit court also found that the appellant was frequently in the company of another man despite the protests of respondent.

The court further decided that respondent did not treat appellant with contempt nor did he refuse to converse with her except that he refused to engage with her in bitter argu-

ment or to discuss the subject of divorce; that respondent has not unreasonably refused to provide appellant with proper entertainment, and has not insulted their mutual friends. Among the findings is also the fact that respondent never insinuated that appellant was guilty of infidelity; that his trip to Flordia in February 1950 was not an act of cruelty toward the appellant; that respondent cooperated in the supervision of the children and was at all times devoted to their proper care and training; that he provided appellant with comfortable, reasonable and adequate support and has supplied her with sufficient money to purchase clothing, food and other essentials. Finding number fifteen reads as follows: "The defendant has devoted substantially all of his available time outside of his employment to the care and training of the children and their physical, mental, moral and religious development with parental affection and devotion and is of a calm and even disposition and is capable of providing the necessary discipline with such care and affection and is a fit and proper person to be awarded the custody of said children". As to the custody of the children the court found that for the best interests of the children their custody should be awarded to the respondent.

■ Appellant contends that the evidence does not support the findings of the trial court but on the contrary conclusively establishes extreme cruelty on the part of respondent. On this issue the rule stated by this court in Habeck v. Habeck, 51 S. D. 455, 214 N.W. 846, 847, applies: "The judge of the trial court had the parties before him and heard the witnesses testify and he had better opportunity than this court to determine the weight to be given to the evidence submitted. Where there is a conflict of evidence, and no clear preponderance of evidence against the findings of the trial court, its findings will not be disturbed by this court".

■ The material evidence in this case consists almost entirely of the testimony of the interested parties. We have reviewed this evidence by a careful reading of the entire transcript in the light of the contentions of the parties as set forth in their briefs. There is a conflict in the evidence as to all material issues and the circuit court has made specific findings of fact on each one of them. The record shows that

each finding so made is supported by substantial evidence, and we find no clear preponderance of the evidence against those findings. We therefore conclude that no error appears in the findings. No useful purpose would be served by reviewing the evidence at length in this opinion.

■ It is also contended by appellant that the circuit court had no jurisdiction to award the custody of the children to the father after denying the mother a divorce. Whether this may be done in the absence of statutes is a matter upon which the courts of other jurisdictions are divided. Urbach v. Urbach, 52 Wyo. 207, 73 P.2d 953, 113 A.L.R. 889 and annotation page 901; Dovi v. Dovi, 245 Wis. 50, 13 N. W.2d 585, 151 A.L.R. 1368; White v. White, 70 R.I. 48, 36 A.2d 661, 151 A.L.R. 1374, annotation page 1380. In this state, however, the authority of the court is statutory. SDC 14.0724 provides: "In an action for divorce the court may, before or after judgment, give such direction for the custody care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." SDC 14.0727, first paragraph, declares: "Though judgment of divorce is denied, the court may in an action for divorce provide for maintenance of the wife and her children, or any of them, by the husband". Similar statutes have been considered by the courts of California in deciding this issue.

In the case of Ex parte Saul, 31 Cal.App. 382, 160 P. 695, 697, the action was for divorce and the defendant counterclaimed. The court found both parties guilty of misconduct and denied a divorce to both of them. Custody of the children was awarded, some to plaintiff and the others to defendant. The children awarded to the wife were taken from her by the husband without her consent and she brought habeas corpus proceedings to recover them relying upon the decree in the divorce action. The husband claimed, as in this case, that where judgment denies divorce the court is without power, then or thereafter, in said action to make an order affecting the custody of the children. The court quotes section 138 of the Civil Code of California, corresponding to SDC 14.0724, quoted above, and says: "If the court at the final hearing, in making its decree granting or refusing

a divorce, is silent with respect to the custody of children and fails to make any provision for this custody and care, it would seem that this is a complete and final determination of that case. But if the court, in view of the facts found by it, deems that the welfare of the children requires that some order for the custody and maintenance of the children be made and makes that order as a part of its decree, or in specific terms retains the case for the purposes of such custody and maintenance, we find no sufficient reason for holding that such action by the court is beyond its powers as declared in section 138. The section itself does not state any limitation of its effect to cases in which divorce is denied. If such limitation be imposed upon the language of the statute, it must be a limitation by construction". The order of the trial court in the habeas corpus proceeding awarding custody according to the decree in the divorce action was upheld.

The case of Morrow v. Morrow, 60 Cal.App. 688, 214 P. 239, was brought by the wife for divorce and the husband filed a counterclaim for divorce. Neither party prevailed in the trial court and custody of the children was awarded to the father. The situation was similar to that in this case. It was held that the order of custody was authorized by Civil Code of California §§ 138 and 246.

The case of Jacobs v. Jacobs, 68 Cal.App. 725, 230 P. 209, was one in which the wife brought action for divorce and the defendant also filed a cross-complaint. Both alleged cruelty and both were denied a divorce. Custody of the child was given to the mother with a provision for its support. No appeal was taken. Later a motion was made to modify the judgment on the ground that the court had exceeded its jurisdiction in awarding custody of the child. It was held that under sections 136 and 138 of the Civil Code of California the court was authorized to make such order for the custody, care, education, maintenance and support of the minor child as may seem necessary and proper. Section 136 of the Civil Code of California is the same as SDC 14.-0727.

The matter was again before the appellate court in California in the case of O'Connor v. O'Connor, 91 Cal.App.

2d 147, 204 P.2d 916, 917, where it was again stated: "[N]or by a denial of a divorce does the court lose jurisdiction to deal with the custody and support of the children".

We approve the above decisions of the California courts as a sound and reasonable construction of our own statutes, and therefore conclude that the circuit court had the power in this case to award the custody of the children to respondent though the appellant was denied a divorce.

■■ Appellant states that "neither party to this appeal raised the issue of custody of the children in the event no divorce was granted", and contends that this issue was not tried. The plaintiff's complaint alleged that "the plaintiff is a suitable and proper person to have the custody and care of said minor children", and she asked that she be given custody of them. Defendant in his answer denied that the plaintiff is a proper person to have custody of the children. He alleged that he "is a suitable and proper person to have the custody of the children" and that in case divorce be granted he be given their custody. The issue of custody was therefore raised by both parties in the pleading. All matters of fact having a bearing on that issue were thoroughly explored at the trial by both parties. After the trial the court indicated that a divorce would not be granted the plaintiff, and the defendant then asked and obtained leave to amend his answer so as to include a prayer for custody of the children whether plaintiff be granted a divorce or not. This amendment was authorized by SDC 33.0914. This rule also afforded the plaintiff an opportunity to present additional evidence on this question and to a continuance if necessary for that purpose, but plaintiff offered no additional evidence and made no request for a continuance in order that this might be done. Appellant is not now in a position to contend that the issue of custody was not fully persented.

■ Appellant also claims that the evidence is insufficient to justify the award of custody of the children to defendant. The issue under this assignment is the fitness of the parents and the best interests of the children. What has been said herein on the issue of extreme cruelty is also applicable to this question. There is here also a conflict in

the evidence. We find no clear preponderance of the evidence against the findings of the trial court and they will not be disturbed.

Judgment affirmed.

RUDOLPH, P. J., and ROBERTS and SMITH, JJ., concur.

LEEDOM, J., dissents.

LEEDOM, J. (dissenting). I concur with that part of the opinion that affirms the denial of the divorce. I cannot agree with the award of the custody of the children to the father in the absence of both a divorce and legal separation.

I seriously doubt the wisdom of the rule that permits a grant of custody under such circumstances. Apart from statutory authority the majority rule I believe to be contra. The California cases amply support the majority opinion of the court in the construction placed on our statutory provisions. I am not satisfied however that we should adopt the California construction. Our statutes seem, quite clearly to me, to grant the court authority as to custody only pending a divorce action, or if divorce is denied, then only when legal separation is granted.

Furthermore I seriously doubt if the record reveals evidence to support the circuit court's findings as to child custody. In the first place there is no direct evidence that the parties to the action intend to live apart. Since the court denied divorce and did not provide for legal separation, the fair assumption might be that a reconciliation is indicated. The award of custody to the father would appear to be disruptive of such possible and highly favorable conclusion of the domestic differences here involved; and in my opinion granting exclusive control of children to one of two parents living in the matrimonial home is wholly foreign to our concept of the family unit.

I do not however rest my dissent on either of the foregoing propositions. I dissent for the reason that the issue of child custody absent divorce and legal separation was never tried. Insofar as the record discloses this mother who certainly knew her divorce might be denied, had not the slightest notice or warning until the evidence was all taken

and the trial judge's mind made up, that the action she started could result in a denial of the divorce and the loss of her children. Notwithstanding the expression of views in the court's opinion the issue of child custody, even in case the divorce should be granted, was deeply submerged in the issues arising over the divorce and was clearly a secondary issue; and the issue as to custody without the divorce was wholly outside the contemplation of the parties and their counsel. The court's decision in this case involving a mother's right to her children, one being but two years old, seems incompatible with the high degree of protection this court set up for this same right in the case of In re Romero, 73 S. D. 564, 46 N.W.2d 108.

After the trial of this action had ended and the trial court had announced its decision, including the award of child custody to the father who up to that time had not asked for custody except if a divorce be granted, the respondent father was permitted to amend his answer to ask for custody absent the divorce. The opinion of the court rests in part on the proposition that at that time appellant's counsel could have obtained permission to offer new evidence on the new issue thus raised by the amended answer. The precise reason why counsel did not choose that course does not appear in the record. Counsel may have been surprised or even annoyed at this novel procedure and hastily concluded the better course would be to appeal. Counsel may well have reached that conclusion after full consideration of the problem presented; or counsel may well have been of the opinion that a trial then of this new issue following closely and quite necessarily confused with the trial of the related issues in the divorce case, would be impractical. But whatever may have prompted appellant's counsel to submit the mother's case to the judgment of this court at that point, her substantive right to keep her children should not be affected in any degree by such procedural problem as this record presents. Her right is too precious and important.

I would affirm as to the divorce and direct the circuit court to vacate that part of the judgment relating to child custody.