**BOSWELL, O'TOOLE, DAVIS & PICKERING, Appellant,**

v.

**Jeanne D. TOWNSEND et vir, Appellee.**

**No. 7903.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 13, 1977.

---

Robert J. Piro, Houston, for appellant.

Robert M. Welch, Jr., Max Garrett, Houston, for appellee.

DIES, Chief Justice.

Because of the complicated and confusing nature of the facts presented to us by the case from which this appeal is taken, we are constrained to make a rather lengthy statement of the events which have transpired in order to bring this appeal properly into focus.

Jeanne D. Townsend filed suit for divorce against her husband John D. Townsend, Jr. According to allegations made by the law firm of Boswell, O'Toole, Davis & Pickering, the wife entered into a contract with it to prosecute the divorce action for her, but later discharged the firm and retained new counsel. Boswell, O'Toole petitioned to intervene in the divorce action on October 24, 1975, seeking to enforce the contract as a debt for "necessaries" as against both the husband and the wife.

On January 22, 1976, the court below dismissed the intervention as to the husband and severed the proceeding as to the attorney fees. Thereafter, the record shows that on April 5, 1976, a "Final Judgment and Divorce Decree" was entered in the case at bar. Boswell, O'Toole filed notice of appeal on April 6, 1976, from the trial court's action in dismissing its intervention as to the husband.

Both a motion to dismiss appeal and a supplemental motion to dismiss appeal have been filed by the husband and carried along with the case. The husband makes much of the fact that he has voluntarily intervened in a pending suit brought by Boswell, O'Toole against his former wife and argues that his action in so doing has rendered this appeal moot.

By his supplemental motion to dismiss this appeal, the husband has brought to our attention the fact that on July 16, 1976, Boswell, O'Toole took a voluntary non-suit as to all parties in the suit from which this appeal was taken, and Boswell, O'Toole, in its answer to the husband's motion to dismiss appeal, admitted that it had so done. Yet, Boswell, O'Toole still vigorously argues that it has the right to appeal from the trial court's action dismissing the husband from liability on the suit for attorney fees.

In considering the contentions of the parties, we note that no final hearing on the merits of appellant's cause of action has ever been held.

Justice Hamilton, speaking for our Supreme Court in *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex.1962), set out the effect of taking a voluntary non-suit as follows:

"It is elementary that a dismissal is in no way an adjudication of the rights of parties; *it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought.  White v. White*, 70 R.I. 48, 36 A.2d 661, 151 A.L.R. 1374; *Bryan v. Smith*, 7 Cir., 174 F.2d 212, 11 A.L.R.2d 1402; see 17 Am. Jur. 158, Dismissal, Discontinuance, and Nonsuit, § 86." (Emphasis added.)

See also *Rodriguez v. Vela*, 488 S.W.2d 872, 875 (Tex.Civ.App.—San Antonio 1972, no writ); *Valdez v. Gill*, 537 S.W.2d 477, 480 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.).

Moreover, as we said in *McFarling v. Lapham*, 489 S.W.2d 435, 440 (Tex.Civ.App. —Beaumont 1972, writ ref'd n. r. e.):

"It is fundamental that one may not complain of errors in a judgment which do not affect him injuriously or which merely affect the rights of others. *Shell Petroleum Corporation v. Grays*, 131 Tex. 515, 114 S.W.2d 869, 870 (1938). *The right of appeal rests only in an aggrieved party to a lawsuit.  Texas Employers Ins. Ass'n v. Howell*, 107 S.W.2d 391, 392 (Tex.Civ.App., Dallas 1937, error dism.)." (Emphasis added.)

Having taken a voluntary non-suit in the case at bar, Boswell, O'Toole has now returned to the position in which it was prior to filing its petition in intervention. At the time the partnership disengaged itself from the litigation, there was an existing order dismissing its intervention. After having voluntarily dismissed its petition in intervention, it is in no position to contend that the dismissal was erroneous. Under these circumstances, nothing is presented for review and the appeal is DISMISSED.

It is so ordered.

STEPHENSON, J., not participating.